J-S36017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SIMONE T. ROY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN C. ROY | : | |
| | : | |
| Appellant | : | No. 966 EDA 2023 |

Appeal from the Order Entered March 22, 2023
In the Court of Common Pleas of Northampton County Domestic
Relations at No(s): DR-0037520

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY NICHOLS, J.: **FILED DECEMBER 29, 2023**

Appellant John C. Roy appeals *pro se* from the order finding him in civil contempt for failing to comply with a support order. Appellant argues that the trial court erred in concluding that Appellant willfully violated the court's support order and setting a purge amount that Appellant did not have the present ability to pay. We affirm.

The trial court summarized the underlying facts of this matter as follows:

On February 10, 2023, the Northampton County Domestic Relations Section ("DRS") filed a petition for contempt alleging that [Appellant] had failed to comply with the order for support in this matter, and that arrearages under the order totaled $28,191.10 as of the date of filing. [Appellant] was ordered to appear at a non-compliance court hearing scheduled for March 14, 2023.

On March 14, 2023, following a hearing, the undersigned entered an order of court finding [Appellant] in contempt of court for failing to comply with the support order in this matter, sentencing [Appellant] to serve six (6) months in Northampton County prison, granting [Appellant] immediate eligibility for work release, and

granting [Appellant] the ability to purge the sentence upon a lump sum payment of $2,500.00 or following four (4) months on the work release program with regular support payments being made. [The following day, the trial court issued an order stating that Appellant was purged of the contempt charge and could be released from prison. *See* Trial Ct. Order, 3/15/23]

On April 11, 2022, [Appellant] timely filed a notice of appeal to the Superior Court from the order entered on March 14, 2023 in the instant matter. On April 12, 2023, we entered an order directing Appellant to file a "statement of errors complained of on appeal" pursuant to Pa.R.A.P. [] 1925 within twenty-one (21) days, which order specifically noted to be May 3, 2023. Our April 12, 2023 order specifically notes as follows:

> Any issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived. Unless Appellant has fully complied with the directives herein, the court may be unable to provide the Superior Court with the required complete 1925(a) statement in support of the judgment appealed from, and will order the [DRS] to submit the record, noting any non-compliance by Appellant and/or may submit a [Rule] 1925(a) statement suggesting that the appeal should be denied as a result of Appellant's failure to comply with this order.

Appellant failed to file a statement of errors complained of on appeal by the May 3, 2023 deadline. To date, no statement of errors complained of on appeal identifying any alleged legal errors with our March 14, 2023 order has been received by [Appellant].

Trial Ct. Op., 5/25/23, at 1-2 (citations omitted).

Initially, it is well settled that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925. Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (formatting altered, citation omitted).

This Court has explained that

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Here, as noted previously, Appellant did not comply with the trial court's order to file a Rule 1925(b) statement. Therefore, Appellant has failed to preserve any claims for review.[1] ***See Castillo***, 888 A.2d at 780. Accordingly, we affirm.[2]

_____

[1] We note that, in addition to Appellant's failure to comply with Rule 1925(b), Appellant also failed to adhere to the rules concerning appellate briefs. ***See*** Pa.R.A.P. 2111(a)(1)-(12) (setting forth the basic requirements for an appellate brief). Indeed, Appellant's six-page brief is limited to three sections which are labeled "procedural history," "discussion," and "conclusion." ***See*** Appellant's Brief at 1-6. Appellant's brief does not include the required sections such as a statement of questions, statement of scope and standard of review, an argument section, or any discussion of or citations to relevant legal authorities. ***See*** Pa.R.A.P. 2111(a). Therefore, even if Appellant had filed a Rule 1925(b) statement, we would find Appellant's claims waived based on his defective brief. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

[2] ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 227 (Pa. Super. 2014) (affirming the trial court's order where the appellant failed to preserve issues in a Rule 1925(b) statement).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2023